**FILED**

FEB 12 2016

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| YESENIA EQUIHUA-EQUIHUA, MIGUEL DIAZ, and RICARDO DIAZ-RAMIREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LORETTA LYNCH, Attorney General of the United States; JEH JOHNSON, Secretary of Department of Homeland Security; LEON RODRIGUEZ, Director, U.S. Citizenship and Immigration Service; JODI BARD, Field Office Director, U.S. Citizenship and Immigration Services, Helena, Montana; and CORINA E. ALMEIDA, Chief Counsel, Office of the Chief Counsel, Immigration and Customs Enforcement, Denver, Colorado,<br><br>Defendants. | CV 14–268–M–DWM<br><br>ORDER |

## INTRODUCTION

Plaintiffs Yesenia Equihua-Equihua, Miguel Diaz, and Ricardo Diaz-Ramirez brought this action for mandamus and declaratory relief against the Department of Homeland Security and other immigration agencies, alleging

-1-

improper adjudication of their applications for adjustment of status. While the case was stayed at the request of the parties, they reached a series of agreements that ultimately resulted in Plaintiffs receiving their green cards. Now before the Court is Plaintiffs' motion for attorney's fees under the Equal Access to Justice Act ("the Act"). For the reasons stated below, the motion is denied. Because the parties are familiar with the background of this case, factual and procedural details are included only in the context of the Court's analysis.

### STANDARD

"Under [the Act], a litigant is entitled to attorney's fees and costs if: (1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005); *accord* 28 U.S.C. § 2412(d)(1)(A).

### ANALYSIS

#### I. Prevailing Party Status

"[A] litigant must meet two criteria to qualify as a prevailing party. First, he must achieve a 'material alteration of the legal relationship of the parties.' Second, that alteration must be 'judicially sanctioned.'" *Carbonell*, 429 F.3d at 898 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health &*

*Human Servs.*, 532 U.S. 598, 604–05 (2001)). Equihua and Diaz satisfy the first prong of the prevailing party test. Prior to the Court's Order staying the case, Equihua and Diaz were left with no recourse. According to the parties' agreements, however, Citizen and Immigration Services agreed to reopen their applications and refrain from denying Equihua's application on the basis of any failure to prove she was inspected and admitted. The agreements "thus 'materially altered the legal relationship between the parties, because the defendants were required to do something directly benefitting the plaintiff[s] that they otherwise would not have had to do.'" *Id.* at 900 (quoting *Richard S. v. Dept. of Developmental Servs. of Cal.*, 317 F.3d 1080, 1087 (9th Cir. 2003)).

Although a closer question, Equihua and Diaz do not satisfy the second prong of the prevailing party test because the results in this case were not compelled by the Court. A judgment on the merits, a settlement agreement enforced through a consent decree, or an order that incorporates a stipulation may qualify as judicial action sufficient to convey prevailing party status. *Id.* at 898, 901. Here, the Court entered an Order staying the case "[p]ursuant to the stipulation of the parties," and the Court entered the parties' Consent Decree as a final judgment, but upon closer examination these actions are not "stamped with the necessary judicial imprimatur to convey prevailing party status." *Id.* at 901.

-3-

First, the degree of judicial involvement in the Order staying the case is insufficient because the Court did not expressly incorporate the terms of the parties' stipulation into the Order. *See Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 283 (4th Cir. 2002) (district court must "give a clear indication" that it is incorporating the terms of the agreement into the order). Although the parties' proposed order included the terms of their stipulation, (Doc. 7-1), the Court explicitly rejected that proposed form by not adopting it, (Doc. 8). And a "judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

Second, the Consent Decree does not amount to a judicially sanctioned change in the legal relationship of the parties. The characteristic features of a consent decree are that it receives court approval and is subject to ongoing court oversight. *Smyth*, 282 F.3d at 281. Here, the Consent Decree did not embody the Court's approval because Equihua had already received her green card and Diaz had substantially received relief where Citizen and Immigration Services provided notice of its intention to reopen and approve his application, subject only to his submission of a medical examination. (Doc. 12 at 6.) "A plaintiff does not become a prevailing party if the court merely recognizes what the government has

voluntarily agreed to and only requires the government to follow through with what it had already voluntarily promised to do." *Aronov v. Napolitano*, 562 F.3d 84, 93 (1st Cir. 2009) (internal quotation marks and alterations omitted). Additionally, the Court denied ongoing oversight of the agreement when it explicitly rejected the provision that "Plaintiffs reserve the right to return to the Court to enforce the terms of this agreed settlement" by adding in the language, "by filing a new action." (Doc. 12 at 7.) Despite the filing of the action having been a catalyst for the positive outcome for Plaintiffs, the Court's role was insufficient to convey prevailing party status. *See Buckhannon*, 532 U.S. at 603 (rejecting catalyst theory).

## II. Substantial Justification

Even if the Court's Order and Consent Decree rendered Plaintiffs the prevailing party, the second condition for an attorney's fee award under the Act has not been met. "The government bears the burden of demonstrating substantial justification." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)). "'Substantial justification' is equated with 'reasonableness.' . . . The government's position is 'substantially justified' if it 'has a reasonable basis in law and fact.'" *Id.* (quoting *Ramon–Sepulveda v. INS*, 863 F.2d 1458, 1459 (9th Cir.

1988)). "[T]he substantial justification analysis does not hinge on whether the agency was right or wrong but on whether its actions were reasonable." *Aronov*, 562 F.3d at 95. The conduct to be evaluated here is Citizen and Immigration Services' denial of Equihua's and Diaz's applications for adjustment of status.[1]

The denial of Equihua's application for adjustment of status based on inconsistencies regarding her entry into the United States and her failure to prove she was inspected or admitted did not contravene clearly established law. It is unclear whether Citizen and Immigration Services in adjudicating an application for adjustment of status is bound by a decision issued by an immigration judge during removal proceedings. (*See* Docs. 15 at 13; 16 at 9 (both parties asserting there is no binding case law)). There is persuasive, non-binding authority that supports both parties' positions. *Compare Amrollah v. Napolitano*, 710 F.3d 568, 571 (5th Cir. 2013) (concluding on summary judgment Citizen and Immigration Services was collaterally estopped from disregarding an immigration judge's asylum decision when adjudicating an application for permanent resident status); with *Mugomoke v. Hazuda*, 2014 WL 4472743, at *7 (E.D. Cal. Sept. 11, 2014)

---

[1] Plaintiffs do not argue Defendants' litigation position was not substantially justified. (Doc. 14 at 11.) Also, the decisions of Immigration and Customs Enforcement and Citizen and Immigration Service on whether to file amended charges against Equihua or to commence charges against Diaz are within the Department of Homeland Security's unreviewable discretion. 8 U.S.C. § 1252(g); *Matter of G-N-C*, 22 I & N Dec. 281, 284 (BIA 1998), *abrogated on other grounds by Castro-Cortez v. INS*, 239 F.3d 1037 (9th Cir. 2001).

(concluding on summary judgment application of the collateral estoppel doctrine unsuitable in light of the two-stage evaluation process for obtaining permanent residency created by Congress). Yet for the purposes of the Act, it does not matter whether the doctrine applies; it only matters whether Citizen and Immigration Services acted reasonably. *Aronov*, 562 F.3d at 95. "When the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified." *Saysana v. Gillen*, 614 F.3d 1, 5 (1st Cir. 2010). In the absence of binding, on-point authority, it was reasonable for Citizen and Immigration Services to conclude it was not bound by an earlier removability determination and to reach its own conclusion as to whether Equihua met her burden of proving she was inspected and admitted. Defendants' agreement to refrain from denying Equihua's application on the basis that she failed to prove she was inspected and admitted does not alter that conclusion. *See Renee v. Duncan*, 686 F.3d 1002, 1017 (9th Cir. 2012) ("That the [government] did not prevail on the positions [it] has taken does not invoke a presumption that [its] position was not substantially justified.").

Even if Citizen and Immigration Services was collaterally estopped from reaching a contrary conclusion as to whether Equihua was inspected and admitted, its credibility determinations are supported by substantial evidence. The record

supports the conclusion that Equihua disregarded immigration laws by arranging to have Diaz smuggled into the United States and by purchasing fraudulent documentation to obtain employment. (Docs. 1-2 at 3; 1-4 at 13; 1-6 at 46–50; 1-19 at 4–5; 1-20.) The record also supports the conclusion that Diaz failed to meet his burden of proving he was inspected and admitted given his age at the time of his entry and a lack of corroborating evidence. (Docs. 1-4 at 13; 1-6 at 46–50; 1-11; 1-19 at 4–5.) *See Mendoza Manimboa v. Ashcroft*, 329 F.3d 655, 661 (9th Cir. 2003) (the agency is in the best position to make credibility determinations).

Accordingly, IT IS ORDERED that Plaintiffs' Motion for Attorney's Fees (Doc. 13) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to File a Surreply (Doc. 17) is DENIED.

DATED this ___ day of February, 2016.

Donald W. Molloy, District Judge
United States District Court